UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>        Petitioner,<br><br>   v.<br><br>KEN CLARK,<br><br>        Respondent. | Case No. 1:22-cv-01634-CDB (HC)<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

      Petitioner Stanley H. Solvey ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his February 3, 2014, conviction in the Superior Court of Los Angeles. *Id*.

      When a habeas petition is filed by a person in custody under a state court judgment, and that state contains two or more federal judicial districts—such as California—the petition may be filed in either the judicial district in which the petitioner is presently confined, or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d). When a habeas petition challenges the petitioner's conviction or sentence, the district where the petitioner was convicted and sentenced is a more convenient forum, because trial court records, witnesses, and other evidence related to the crime and his conviction are usually located in that district. Thus, California courts generally transfer habeas actions challenging state convictions or sentences to the district where the petitioner was convicted and sentenced. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue*

*v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

Here, because Petitioner is challenging his 2014 conviction, the better forum for his claims is the district where he was convicted, particularly because, according to the petition, the events surrounding his conviction occurred in that district. (Doc. 1). *See Solvey v. Pfeiffer*, No. 2:15-cv-07827-DOC-AJW (C.D. Cal.) (Doc. 41, dated Dec. 15, 2016) (order entered in Central District of California denying Petitioner's petition for writ of habeas corpus based on claim arising from the same 2014 conviction at issue in the petition *sub judice*). Following the custom of the federal courts in California, this court will transfer the petition to the United States District Court for the Central District of California. A "substantial part of the events ... giving rise to the claim occurred" in the Central District, so venue is proper under 28 U.S.C. § 1391(b).

Accordingly, the Clerk of the Court is DIRECTED to transfer this case to the United States District Court for the Central District of California.[1]

IT IS SO ORDERED.

Dated:   **April 12, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] "Because a transfer of venue does not address the merits of the parties' claims, but simply changes the forum of an action, courts routinely find that it is a non-dispositive matters that is within a magistrate judge's authority to order without the approval of a district judge." *Boswell v. Foss*, No. 20-cv-3469-JAK-PVC, 2020 WL 8619785, at *1 n.1 (C.D. Cal. Apr. 17, 2020) (collecting cases).

2